**636**

Tyler F. GAUEN et al., Appellants,

v.

S. T. WELCH, Appellee.

Court of Appeals of Kentucky.

Oct. 27, 1961.

William P. Donan, Donan & Vick, Greenville, for appellants.

W. D. Bratcher, Greenville, for appellee.

CULLEN, Commissioner.

S. T. Welch brought action against Tyler F. Gauen and wife to recover around $1,100 alleged to be owed by the Gauens as their share of the expenses of operating certain oil wells on a lease in Muhlenberg County, Kentucky, in which lease the Gauens held a working interest and of which Welch was the operator. An attachment was issued against the Gauens' interest in the lease. Tyler F. Gauen counterclaimed for $1,925 claimed to be due him from Welch for services Gauen had rendered to Welch in connection with the operation of an oil lease in Illinois, of which lease Welch was the operator and in which Mrs. Gauen had a working interest.

Judgment was entered awarding Welch $1,103 on his claim, sustaining the attachment, and denying Mr. Gauen any recovery on his counterclaim. The Gauens have appealed.

As to the judgment on Welch's claim the only contention of the appellants is that the court erred in sustaining the attachment. The verified complaint upon which the attachment was issued alleged that the Gauens did not have sufficient property in Kentucky subject to execution to satisfy Welch's claim, and that the claim would be endangered by delay arising before judgment or a return of no property found. The appellants maintain that these grounds were not sustained by the evidence, and that in fact they had ample property in Kentucky to satisfy the claim. However, the verified complaint further alleged that the Gauens were nonresidents of Kentucky, and this fact was not denied. The claim being one on contract, it was sufficient to sustain the attachment that the defendants were nonresidents. KRS 425.-185; Bates Machine Co. v. Norton Iron

Works, 113 Ky. 372, 68 S.W. 423. The other alleged grounds for the attachment may be considered to have been mere surplusage. It is our opinion that the court properly sustained the attachment.

As concerns Mr. Gauen's counterclaim, the contention is that the evidence established the existence of an implied contract for payment by Welch of the reasonable value of Gauen's services, under the principle that where one renders valuable services to another under such circumstances as to indicate that the one expected to be paid and the other expected to make payment, a contract is implied.

The claim for services covered a period from 1952 to 1958. During this period Mrs. Gauen owned a working interest in the Illinois lease, as did Welch and several other persons, and Welch was the operator employed by the group of owners to have charge of operating the lease. The owners not only reimbursed Welch for their shares of the operating expenses but they also paid him a monthly fee for his services. During the entire period in question the Gauens paid their share of the expenses and of Welch's fee, without objection. Mr. Gauen's alleged services consisted of local supervision of the pumping operations and production and certain "hydrofracing" work on the wells. Admittedly there was never any express agreement that he be paid for his services.

Prior to 1958, when the Illinois lease was sold, Mr. Gauen had submitted only one claim to Welch for compensation for his services, that being in 1955. He did not remember the amount of the claim. Welch refused to pay the 1955 claim and offered at that time to turn over operation of the lease to Mr. Gauen. No further claim was made by Mr. Gauen until after the sale of the lease in 1958.

In view of the facts that Mr. Gauen's wife had a working interest in the Illinois lease which he naturally was interested in protecting, that during the

entire period in question the Gauens paid their share of Welch's service fees without objection, and that upon the one occasion when Mr. Gauen submitted a claim for his services Welch refused to pay it, it is our opinion that the trial court was justified in finding that the circumstances were not such as to raise the inference of an expectation by Mr. Gauen to be paid and an expectation by Welch to pay him, as is necessary to establish an implied contract.

The judgment is affirmed.